**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARK AUSSIEKER, individually and on behalf of others similarly situated,<br><br><br>     Plaintiff,<br><br><br>  v.<br><br><br>EVERLAW, INC.,<br><br><br>     Defendant. | Case No. 2:26-cv-00100-MPK |

<u>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EVERLAW, INC.'S**</u>
<u>**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**</u>

Tiffany Cheung (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
TCheung@mofo.com

Taylor A. Halby (*pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 720-5100
THalby@mofo.com

Joe Nguyen (PA ID No. 93638)
Stradley Ronon Stevens & Young, LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone:  (215) 564-8000
JNguyen@stradley.com

*Counsel for Defendant Everlaw, Inc.*

## INTRODUCTION

Plaintiff's First Amended Complaint (FAC) seeks to transform two alleged misdirected phone calls into a Telephone Communication Protection Act (TCPA)[1] class action seeking statutory and treble damages. To do so, Plaintiff relies on conclusory allegations without pleading facts to support the claims and enhanced remedies he seeks.

The FAC is defective for at least two independent reasons.

*First*, Plaintiff's "Caller ID" claim (Count II) fails as a matter of law. It is premised on 47 C.F.R. § 64.1601(e), a regulation that does not provide a private right of action. Dismissal is warranted on that basis alone.

*Second*, Plaintiff fails to plead any facts supporting a "willful or knowing" violation of the TCPA to support his request for treble damages under both Counts I and II. He merely parrots the statutory language, which is insufficient under federal pleading standards—particularly where facts elsewhere alleged in the FAC describe, at most, inadvertent conduct.

For these reasons, the Court should dismiss with prejudice Plaintiff's Caller ID claim (Count II) and request for treble damages under both Counts.[2]

## RELEVANT ALLEGATIONS

Plaintiff attempts to transform two calls allegedly placed to him but directed to someone else as "willful and knowing" violations of the TCPA.

---

[1] *See* 47 U.S.C. § 227.

[2] "[W]hen a party files a 'partial motion to dismiss,' th[at] motion 'suspends the time by which [the party] must respond to the entirety of the [c]omplaint." *Sinanan v. Quinn*, No. 1:24-0192, 2025 WL 1811281, at *4 (W.D. Pa. June 4, 2025) (quoting *Doshi v. Blinken*, No. 23-3613 (RC), 2024 WL 3509486 at *9 (D.D.C. July 22, 2024). Accordingly, Everlaw does not waive and reserves all rights to file an answer to any and all claims asserted in the governing complaint after the court's ruling on Everlaw's motion to dismiss.

At most, Plaintiff alleges that he received two telephone calls on December 18, 2025, and January 9, 2026, on a number he claims is listed on the National Do Not Call Registry. FAC ¶¶ 22-23. According to the FAC, neither call was directed to Plaintiff, but instead, the calls were attempts to reach another individual—"Star." FAC ¶¶ 25-27, 30.

Plaintiff further alleges that Onvoy, Everlaw's telephone carrier, provides CNAM functionality where the default setting is to transmit the geographic location for the calling telephone number. FAC ¶¶ 33-34. In accordance with that default CNAM setting, Plaintiff alleges the calls he received displayed a telephone number and geographic location but did not display Everlaw's name or the telemarketer's name, and thus, Plaintiff could not return the call to submit a do-not-call request. FAC ¶¶ 32-38.

Based on these allegations, Plaintiff asserts that Everlaw violated two regulations: (1) 47 C.F.R. § 64.1200(c)(2) based on the National Do Not Call Registry (Count I, the "DNC" claim); and (2) 47 C.F.R. § 64.1601(e)(1) based on caller identification requirements (Count II, the "Caller ID" claim)—and seeks to represent two nationwide classes. FAC ¶¶ 48, 55-67. Plaintiff further asserts, in conclusory fashion, that the alleged violations were "willful or knowing" and seeks treble damages on that basis without any supporting factual allegations. FAC ¶¶ 58, 65.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard demands a pleading show "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555 (citations omitted). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ARGUMENT**

I.    **COUNT II AND PLAINTIFF'S REQUEST FOR TREBLE DAMAGES SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM**

Plaintiff's "Caller ID" claim (Count II) fails as a matter of law because the TCPA affords no private right of action for alleged violations of 47 C.F.R. § 64.1601(e). In addition, the FAC's bare, conclusory assertions of willful or knowing conduct cannot sustain a claim for treble damages. Each requires dismissal.

A.    **Plaintiff Lacks a Private Right of Action Under 47 C.F.R. § 64.1601(e) (Count II)**

Plaintiff's "Caller ID" claim fails as a matter of law because the TCPA does not provide a private right of action for alleged violations of 47 C.F.R. § 64.1601(e).

"If the statute itself does not 'displa[y] an intent' to create 'a private remedy,' then 'a cause of action does not exist and courts may not create one[.]'" *Meyer v. Cap. All. Grp.*, No. 15-CV-2405-WVG, 2017 WL 5138316, at *16 (S.D. Cal. Nov. 6, 2017) (quoting *Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001)). That is because "private rights of action to enforce federal law must be created by Congress." *Alexander*, 532 U.S. at 286 (citation omitted).

Where, as here, a statutory scheme creates private rights of action in some provisions but not others, it is "'highly improbable' that Congress—or here, the FCC—'absent mindedly forgot to mention an intended private action.'" *Meyer*, 2017 WL 5138316, at *16 (quoting *Transamerica*

*Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11, 20 (1979)). Courts are therefore "'limited solely to determining whether Congress intended to create the private right of action asserted.'" *Id.* (quoting *Touche Ross & Co. v. Redington*, 442 U.S. 560, 568 (1979)). "'If the statute does not itself so provide, a private cause of action will not be created through judicial mandate.'" *Id.* (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 133 (2017)).

The existence of a private right of action under the TCPA depends on which of its subsections authorize the regulation at issue. The statute is structured as follows:

> Subsection *b* prohibits unconsented-to, nonemergency calls using any automatic telephone dialing system or an artificial or prerecorded voice to certain telephone lines, including any telephone number assigned to a cellular service; subsection *c* directed the FCC to promulgate regulations aimed at establishment and operation of a national database of telephone numbers of residential subscribers who object to receiving telephone solicitations and, further, permitted the FCC to prohibit telephone solicitations to any number in the database; and subsection *d* makes it unlawful, *inter alia*, for anyone to make a telephone call using an automatic telephone dialing system that does not comply with the technical and procedural standards prescribed by the FCC.

*Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 WL 4592373, at *3 (D. Md. Sept. 2, 2016), aff'd, 678 F. App'x 165 (4th Cir. 2017).

The TCPA only provides an express private right of action under subsections (b) and (c). *See* 47 U.S.C. § 227 (b)(3) ("A person or entity may … bring … an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, [and/or] … to receive $500 in damages for each such violation"); § 227 (c)(5) ("A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may … bring … an action based on a violation of the regulations prescribed under this subsection to enjoin such violation, [and/or] … to receive up to $500 in damages for each such violation"). "No private right of action is granted under any other subsection of § 227." *Travel Options*, 2016 WL 4592373, at *4.

Plaintiff's Count II for alleged "violation of 47 C.F.R. § 64.1601(e)(1) is not [] brought under either the TCPA's subsection *b* or subsection *c*." *Id.* at \*7. As the *Travel Options* court explained, "[c]aller ID technology does not fit neatly into the focus of either subsection [*b* or *c*], neither of which requires the use of such technology to accomplish their respective purposes." *Id.* at \*4. The FCC's caller ID rule "appears to *support* consumers' enforcement efforts under the TCPA's subsection *c*, rather than to *create* a separate mechanism upon which a consumer can make an actionable claim." *Id.* (emphasis in original). Courts have therefore held that 47 C.F.R. § 64.1601(e) falls—if anywhere—under subsection (d), which governs "technical and procedural standards" and does not provide a private right of action. *Id.* at \*7; *Worsham v. Disc. Power, Inc.*, No. RDB-20-0008, 2021 WL 3212589, at \*4 (D. Md. July 29, 2021).

Consistent with the TCPA's structure, courts across jurisdictions have overwhelmingly rejected private claims under 47 C.F.R. § 64.1601(e). *See, e.g., Meyer*, 2017 WL 5138316, at \*17 ("declin[ing] the invitation to infer a private right of action where section 64.1601(e) is silent on the matter."); *Griffin v. Am.-Amicable Life Ins. Co. of Tex.*, No. 6:24-cv-00243-MC, 2024 WL 4333373, at \*5 (D. Or. Sept. 27, 2024) (holding "Plaintiffs may not pursue a private right of action under 47 U.S.C. § 227(c)(5) for alleged violations of 47 C.F.R. § 1601(e)"); *Travel Options*, 2016 WL 4592373, at \*7 (holding "[a]ny violation of § 64.1601(e)(1) is a violation of technical and procedural standards under subsection d" for which "no private right of action exists"); *Dobronski v. Transamerica Life Ins. Co.*, No. 360506, 2023 WL 3665869, at \*8-9 (Mich. Ct. App. May 25, 2023) (finding persuasive the reasoning of *Travel Options*, and holding no private right of action exists to enforce § 64.1601(e)); *Dobronski v. Selectquote Ins. Servs.*, 462 F.Supp.3d 784, 789-90 (E.D. Mich. 2020) (same); *Dobronski v. Tobias & Assocs.*, No. 5:23-cv-10331, 2023 WL 7005844, at \*7-8 (E.D. Mich. Sept. 25, 2023), adopted in relevant part, No. 23-10331, 2024 WL 1174553

(E.D. Mich. Mar. 18, 2024) (finding no private right of action exists for alleged violations of 47 C.F.R. § 64.1601(e)(1)).[3]

This Court should do the same. Because 47 C.F.R. § 64.1601(e) affords no private right of action, Plaintiff's "Caller ID" claim must be dismissed.

### B. Plaintiff Fails to Plead Facts Suggesting a "Willful" or "Knowing" Violation

Plaintiff's request for treble damages fails as a matter of law because the FAC offers only conclusory assertions—devoid of supporting facts—that Everlaw acted "willfully or knowingly."

Under sections 227(b)(3) and (c)(5) of the TCPA, courts have discretion to award treble damages if a "defendant willfully or knowingly violate[s] th[ose] subsection[s]." 47 U.S.C. §§ 227(b)(3), (c)(5).[4] "Although the Third Circuit has not yet addressed the 'willful or knowing' requirement, districts courts within the Third Circuit have required more than a mere showing that the transmission of a fax [or a call] was itself intentional to warrant treble damages." *Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F.Supp.3d 551, 570 (E.D. Pa. 2019) (collecting cases). As the Eleventh Circuit explained, "[i]f we interpreted the statute to require only that the violator knew he was making a call or sending a fax, the statute would have almost no room for violations that are *not* willful[] or knowing[]." *Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101,

---

[3] The weight of the authority holds that no private right of action exists under 47 C**.**F**.**R**.** § 64.1601(e), but *Newell v. JR Capital, LLC*, 791 F.Supp.3d 571 (E.D. Pa. 2025) reached the opposite conclusion. This Court should decline to adopt its reasoning. The *Newell* court departed from the majority approach by relying on FCC administrative history and structural arguments that do not withstand scrutiny—conflating the agency's rulemaking analysis with the statutory source of authority to conclude that caller ID is a "network technology" under § 227(c). *See id.* at 576-83. The FCC never identified § 227(c) as the authorizing subsection for 47 C**.**F**.**R**.** § 64.1601(e). *See id.* at 575. This Court should not either.

[4] As explained above, 47 C.F.R. § 64.1601(e) is not promulgated under 47 U.S.C. § 227(b) or (c). In addition to the absence of a private right of action for violation of 47 C.F.R. § 64.1601(e), there is no statutory provision authorizing treble damages for any purported violation of the section. This is an independent reason the request for treble damages should be dismissed.

1107 (11th Cir. 2015) (emphasis in original) (internal quotation marks and citation omitted). Courts in this Circuit have endorsed that reasoning. *See Mauthe*, 387 F.Supp.3d at 570-71; *KHS Corp. v. Singer Fin. Corp.*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019). Accordingly, "[a] plaintiff may demonstrate willfulness if he demonstrates that the defendant knew that he did not have the plaintiff's consent to contact him." *Marks v. Unique Lifestyle Vacations, LLC*, No. 20-4915-KSM, 2024 WL 1051974, at *5 (E.D. Pa. Mar. 11, 2024).

Plaintiff does not come close to meeting that standard. To support his request for treble damages, Plaintiff merely pleads in conclusory fashion that "[t]hese violations were willful or knowing." FAC ¶¶ 58, 65. Such allegations are the quintessential "formulaic recitation" rejected by *Twombly*.

The FAC pleads no facts supporting a plausible inference of willful or knowing conduct. To the contrary, Plaintiff's own allegations show that the calls were misdirected—they were intended for someone named "Star," not Plaintiff. FAC ¶¶ 25-27, 30.

Nor does Plaintiff allege facts showing that Everlaw knew it lacked consent. The FAC does not allege that Everlaw had knowledge of Plaintiff's purported non-consent at the time the alleged calls were placed. Neither does the FAC allege that Everlaw purposefully omitted its name from the CNAM functionality. Instead, Plaintiff pleads that transmitting the geographic location of the telephone exchange for the calling telephone number—and not the caller's name—is the default CNAM customer setting. FAC ¶ 32-34.

Such allegations do not support treble damages. Indeed, Plaintiff's allegations indicate that at most two inadvertent calls were made to Plaintiff's alleged phone number but were intended for someone else. Such conduct does not support a finding of willful or knowing violations. The FAC lacks the type of "willful or knowing" conduct required to support enhanced damages.

Accordingly, Plaintiff's request for treble damages for Counts I and II must be dismissed.

## **RELIEF REQUESTED**

For the foregoing reasons, the Court should dismiss with prejudice Count II of the FAC and Plaintiff's request for treble damages under both Counts I and II.

Dated: April 24, 2026                        Respectfully submitted,

                                             */s/ Joe Nguyen*

                                             Tiffany Cheung (*pro hac vice*)
                                             MORRISON & FOERSTER LLP
                                             425 Market Street
                                             San Francisco, CA 94105-2482
                                             Telephone: (415) 268-7000
                                             TCheung@mofo.com

                                             Taylor A. Halby (*pro hac vice*)
                                             MORRISON & FOERSTER LLP
                                             12531 High Bluff Drive, Suite 200
                                             San Diego, CA 92130
                                             Telephone: (858) 720-5100
                                             THalby@mofo.com

                                             Joe Nguyen (PA ID No. 93638)
                                             Stradley Ronon Stevens & Young, LLP
                                             2005 Market Street, Suite 2600
                                             Philadelphia, PA 19103
                                             Telephone: (215) 564-8000
                                             JNguyen@stradley.com

                                             *Counsel for Defendant Everlaw, Inc.*

-10-

## CERTIFICATE OF SERVICE

I hereby certify that on April 24, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: April 24, 2026                    */s/ Joe Nguyen*

                                           Joe Nguyen