**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

MARK AUSSIEKER, individually and on
behalf of others similarly situated,

                  Plaintiff,

     v.

EVERLAW, INC.,

                  Defendant.

Case No. 2:26-cv-00100-MPK

**<u>DEFENDANT EVERLAW, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

*/s/ Joe Nguyen*
Tiffany Cheung (*pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-7000
TCheung@mofo.com

Taylor A. Halby (*pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: (858) 720-5100
THalby@mofo.com

Joe Nguyen (PA ID No. 93638)
Stradley Ronon Stevens & Young,
LLP
2005 Market Street, Suite 2600
Philadelphia, PA 19103
Telephone:  (215) 564-8000
JNguyen@stradley.com

*Counsel for Defendant Everlaw, Inc.*

**INTRODUCTION**

Plaintiff's Opposition does not cure the fundamental defects in the First Amended Complaint (FAC). Instead, Plaintiff relies on (i) a recent minority line of cases that infers a private right of action unsupported by the TCPA's text or the FCC's stated rulemaking authority; and (ii) conclusory assertions and speculation—not facts—to support treble damages.

Both theories fail. The TCPA does not create a private right of action for alleged violations of 47 C.F.R. § 64.1601(e), and the FAC fails to plausibly allege a "willful or knowing" violation sufficient for treble damages.

Count II and Plaintiff's treble damages claims should thus be dismissed with prejudice.

**ARGUMENT**

**I.      NO PRIVATE RIGHT OF ACTION EXISTS FOR ALLEGED VIOLATIONS OF 47 C.F.R. § 64.1601(e)**

      **A.      Plaintiff's authorities infer a private right of action the statute never provides**

Plaintiff's theory depends on a critical leap that neither Congress nor the FCC ever made: that § 64.1601(e) was promulgated under § 227(c) and therefore carries a private right of action. Plaintiff attempts to bridge that gap, but neither rationale is persuasive.

Indeed, Plaintiff's authorities concede the central problem: the FCC never identified § 227(c) as the source of authority for § 64.1601(e). *See Newell v. JR Cap., LLC*, 791 F.Supp.3d 571, 575 (E.D. Pa. 2025) (acknowledging that "[t]he FCC has not expressly identified the subsection of § 227 from which it drew authority in promulgating § 64.1601(e)"). Despite that absence, Plaintiff's authorities inferred private enforceability through reasoning untethered to statutory text. *Newell* relied heavily on FCC discussions of caller ID as a "network technology" associated with protecting consumer privacy under § 227(c), *see id.* at 576-78, 582, while *Dobronski v. Selectquote Ins. Servs.*, 773 F.Supp.3d 373, 376 (E.D. Mich. 2025), reasoned that

§ 227(c) was effectively the "last remaining option" because other TCPA subsections purportedly fit less well.

That reasoning improperly reverses the governing inquiry. The question is not whether § 227(c) is the most convenient place to "slot" § 64.1601(e); it is whether Congress authorized private enforcement of that regulation. *See Alexander v. Sandoval*, 532 U.S. 275, 286-87 (2001) ("private rights of action to enforce federal law must be created by Congress"). Neither decision identifies statutory text authorizing private enforcement of § 64.1601(e), and neither FCC commentary about "network technologies" nor process-of-elimination reasoning can supply it.

The absence of a clear statutory hook confirms that Congress did not provide one.

### B.     The FCC never identified § 227(c) as the source for § 64.1601(e)

Plaintiff improperly attempts to transform a policy assertion into a grant of statutory authority, asserting that the FCC "explicitly tied" the caller ID rule to § 227(c)'s private right of action. The 2003 TCPA Order did no such thing.

The language Plaintiff relies on merely notes that "[c]aller ID requirements [would] improve the ability of consumers to identify and enforce do-not-call rights against telemarketers." *In re Rules & Reguls. Implementing the TCPA of 1991*, 18 FCC Rcd. 14014, 14068 ¶ 91 (2003). That is a practical observation, not a statement about the statutory basis for the rule—much less an identification of § 227(c) as the source of authority for § 64.1601(e). Elsewhere, the Order characterizes caller ID as "an important resource for the FCC and FTC in pursuing enforcement actions[.]" *Id.* at 14122 ¶ 179. That emphasis on agency enforcement—not private enforcement—further undermines Plaintiff's attempt to recast the caller ID rule as tied to § 227(c)(5)'s private remedy.

The FCC knew how to invoke § 227(c) when it intended to do so. In adopting the national do-not-call registry, the FCC expressly acted "[p]ursuant to [its] authority under section 227(c)."

*Id.* at 14034 ¶ 28. The discussion of the caller ID requirement contains no comparable attribution to § 227(c). *See id.* at 14118-24 ¶¶ 173-84. Plaintiff's assertion that the FCC "explicitly tied" § 64.1601(e) to § 227(c)'s private right of action therefore misstates the Order.

Equally significant, the FCC "decline[d] to make any determination about the specific contours of the TCPA's private right of action," reserving such issues for Congress. *Id.* at 14136 ¶ 206. That restraint cannot be squared with Plaintiff's claim that the same Order "explicitly tied" the caller ID rule to § 227(c)(5)'s private remedy. Nor could it be. The Order itself recognizes that the TCPA "provides consumers with [only] two private rights of action": one for violations of "TCPA's prohibitions on the use of automatic dialing systems, artificial or prerecorded voice messages, and unsolicited facsimile advertisements," and another for individuals who "received more than one telephone call within any 12-month period by or on behalf of the same company in violation of the guidelines for making telephone solicitations." *See id.* at 14135 ¶ 204. Neither encompasses § 64.1601(e).

The Order's text forecloses Plaintiff's reading. The FCC expressly invoked § 227(c) where it intended to do so, described caller ID as a tool for agency enforcement, and declined to define the contours of any private right of action. The FCC clearly did not identify § 227(c) as the source of authority for § 64.1601(e) or tie the caller ID rule to § 227(c)(5)'s private remedy.

## II.    TREBLE DAMAGES

Plaintiff's treble damages claim fares no better. The FAC offers only conclusory assertions that the alleged violations were "willful or knowing," without facts showing Everlaw knew it lacked consent or otherwise knowingly violated the TCPA. To the contrary, the FAC alleges the calls were intended for someone else, suggesting inadvertence—not willful conduct.

Courts within the Third Circuit[1] require more than the mere fact that a call was intentionally placed to justify treble damages. *See Robert W. Mauthe, M.D., P.C. v. MCMC LLC*, 387 F.Supp.3d 551, 570 (E.D. Pa. 2019) (collecting cases). If that were sufficient, the distinction between ordinary and treble damages would collapse. *See Lary v. Trinity Physician Fin. & Ins. Servs.*, 780 F.3d 1101, 1107 (11th Cir. 2015) (emphasis in original) (internal quotation marks and citation omitted) ("[i]f we interpreted the statute to require only that the violator knew he was making a call or sending a fax, the statute would have almost no room for violations that are not willful[] or knowing[]."); *see also Mauthe*, 387 F.Supp.3d at 570-71 (endorsing *Lary*'s reasoning); *KHS Corp. v. Singer Fin. Corp.*, 376 F.Supp.3d 524, 530 (E.D. Pa. 2019) (same). Plaintiff's Opposition effectively adopts that impermissible view, asserting that it is "difficult to conceive" of calls that are not knowing. *See* Plaintiff's Opposition, pp. 10, 12.

The relevant inquiry is whether "the defendant knew that he did not have the plaintiff's consent to contact him." *Marks v. Unique Lifestyle Vacations, LLC*, No. 20-4915-KSM, 2024 WL 1051974, at *5 (E.D. Pa. Mar. 11, 2024). In *Marks*, the Court imposed treble damages where the plaintiff repeatedly told the defendant to stop calling on three separate occasions and still received multiple calls—facts suggesting that the defendant knew it lacked consent. *Id.*

Here, there are no comparable allegations. The FAC asserts that Plaintiff did not consent, but it does not allege that Everlaw knew that it was calling someone who had not consented at the time of the calls. Nor does it allege any intervening communication, opt-out request, or other facts that would have put Everlaw on notice before the second call. The FAC instead alleges that the calls were intended for a different individual ("Star"), not Plaintiff. That allegation is inconsistent

---

[1] Plaintiff cites no binding or Third Circuit authority holding that conclusory allegations suffice to plead the "willful or knowing" conduct required for treble damages. Any reliance on out-of-circuit district court decisions should not persuade this Court.

with a knowing or willful violation and suggests, at most, a misdirected call.

Plaintiff attempts to cure this gap for the first time in his Opposition by arguing that the second call shows "actual notice." But the FAC contains no such allegation. It does not allege that the same caller placed both calls, that any information was conveyed to Everlaw after the first call, or that Everlaw otherwise became aware that the number was incorrect. Those assertions appear for the first time in Plaintiff's Opposition and cannot be considered on a motion to dismiss. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("it is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss"); *see also Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007) (courts may not consider facts introduced after 12(b)(6) motion). The FAC's own allegations foreclose any attempt to supply these facts through amendment. *See* FAC ¶ 28 (alleging that Plaintiff notified Everlaw only after the second misdirected call).

Plaintiff's CNAM theory is equally unavailing. The FAC alleges that Everlaw used a default CNAM setting provided by its carrier—a standard configuration that reflects nothing more than routine use of carrier-provided defaults, not a deliberate effort to violate the statute. Plaintiff's theory would effectively impose strict liability for treble damages, which the statute does not permit.

The FAC alleges nothing more than two misdirected calls placed using a default CNAM setting. That does not come close to establishing the willful or knowing misconduct required for treble damages.

### III.    CONCLUSION

For the foregoing reasons, the Court should dismiss with prejudice Count II of the FAC and Plaintiff's request for treble damages under both Counts I and II.

Dated: May 22, 2026                          Respectfully submitted,


By: */s/ Joe Nguyen*

    Tiffany Cheung (*pro hac vice*)
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105-2482
    Telephone: (415) 268-7000
    TCheung@mofo.com

    Taylor A. Halby (*pro hac vice*)
    MORRISON & FOERSTER LLP
    12531 High Bluff Drive, Suite 200
    San Diego, CA 92130
    Telephone: (858) 720-5100
    THalby@mofo.com

    Joe Nguyen (PA ID No. 93638)
    Stradley Ronon Stevens & Young, LLP
    2005 Market Street, Suite 2600
    Philadelphia, PA 19103
    Telephone: (215) 564-8000
    JNguyen@stradley.com

    *Counsel for Defendant Everlaw, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Western District of Pennsylvania using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated: May 22, 2026

*/s/ Joe Nguyen*
Joe Nguyen